**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION PENSION FUND<br>8700 Ashwood Drive, Suite 150<br>Capitol Heights, MD 20743,<br><br>TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION MEDICAL FUND<br>8700 Ashwood Drive, Suite 150<br>Capitol Heights, MD 20743,<br><br>TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION TRAINING FUND<br>8700 Ashwood Drive, Suite 150<br>Capitol Heights, MD 20743,<br><br>TRUSTEES OF THE M. EDDIE MOORE SCHOLARSHIP TRUST FUND<br>8700 Ashwood Drive, Suite 150<br>Capitol Heights, MD 20743,<br><br>TRUSTEES OF THE INDUSTRY PROMOTION FUND<br>8700 Ashwood Drive, Suite 150<br>Capitol Heights, MD 20743,<br><br>TRUSTEES OF THE LOCAL 602 COMMUNICATIONS AND PRODUCTIVITY FUND<br>8700 Ashwood Drive, Suite 150<br>Capitol Heights, MD 20743,<br><br>TRUSTEES OF THE STEAMFITTERS LOCAL 602 RETIREMENT SAVINGS FUND<br>8700 Ashwood Drive, Suite 150<br>Capitol Heights, MD 20743,<br><br>TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br>103 Oronoco Street<br>Alexandria, VA 22314,<br><br>and | **Civil Action No.**<br><br>**C O M P L A I N T** |

```
STEAMFITTERS LOCAL UNION NO. 602      )
8700 Ashwood Drive, Second Floor      )
Capitol Heights, MD 20743,            )
                                      )
                Plaintiffs,           )
                                      )
        v.                            )
                                      )
MAGOTHY MECHANICAL LLC                )
836 Ritchie Highway                   )
Suite 1                               )
Severna Park, MD 21146                )
                                      )
Serve:                                )
    Northwest Registered Agent Service, Inc. )
        Registered Agent              )
    5000 Thayer Center                )
    Suite C                           )
    Oakland, MD 21550                 )
                                      )
                Defendant.            )
_____)
```

# C O M P L A I N T

### (TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS, TRUST FUNDS, AND LABOR UNION; AND FOR APPROPRIATE EQUITABLE RELIEF)

## PARTIES

1.  The Heating, Piping and Refrigeration Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 8700 Ashwood Drive, Suite 150, Capitol Heights, Maryland 20743.  The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.  The Heating, Piping and Refrigeration Medical Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3)

2

and (37). The Medical Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Medical Fund is administered at 8700 Ashwood Drive, Suite 150, Capitol Heights, Maryland 20743. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The Heating, Piping and Refrigeration Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Training Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Training Fund is administered at 8700 Ashwood Drive, Suite 150, Capitol Heights, Maryland 20743. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Steamfitters Local 602 Retirement Savings Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Retirement Savings Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Retirement Savings Fund is administered at 8700 Ashwood Drive, Suite 150, Capitol Heights, Maryland 20743. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. The International Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The International Training Fund was established and is maintained according to the provisions of its Restated Trust Agreement. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The M. Eddie Moore Scholarship Trust Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

3

The Scholarship Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Scholarship Fund is administered at 8700 Ashwood Drive, Suite 150, Capitol Heights, Maryland 20743. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. The Industry Promotion Fund is a trust fund established and maintained according to the provisions of its Trust Document. The Industry Promotion Fund is administered by its Trustees at 8700 Ashwood Drive, Suite 150, Capitol Heights, Maryland 20743.

8. The Local 602 Communications and Productivity Fund is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Communications and Productivity Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Communications and Productivity Fund is administered by its Trustees at 8700 Ashwood Drive, Suite 150, Capitol Heights, Maryland 20743.

9. Steamfitters Local Union No. 602 is an unincorporated labor organization, as that term is defined in Section 2(5) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 152(5). Steamfitters Local Union No. 602 maintains an office at 8700 Ashwood Drive, Second Floor, Capitol Heights, Maryland 20743.

10. Magothy Mechanical LLC (hereinafter, "Magothy Mechanical") is a Maryland business existing under the laws of the State of Maryland with an office located in Severna Park, Maryland.

11. Magothy Mechanical transacts or transacted business in the Maryland, Virginia, and Washington, D.C. metropolitan area as a contractor or subcontractor in the pipefitting and steamfitting industry and at all times herein was an employer in an industry affecting commerce as

defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

12. At all relevant times Magothy Mechanical was and is signatory and bound to the Agreements between the Mechanical Contractors Association of Metropolitan Washington, D.C. and Steamfitters Local Union No. 602 ("Collective Bargaining Agreements").

## JURISDICTION

13. This Court has jurisdiction over this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, under Section 301 of the LMRA, 29 U.S.C. § 185(a), and supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367(a). This is an action to collect amounts due to employee benefit plans, trusts, and a labor union under the terms of the Collective Bargaining Agreements.

14. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which Plaintiffs are located and administered and the district in which the Defendant regularly conducts business.

15. This Court has personal jurisdiction over Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## COUNT I

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS)

16. The Pension Fund, Medical Fund, Training Fund, Scholarship Fund, Retirement Savings Fund, and International Training Fund (collectively, the "Benefit Fund Plaintiffs") hereby

restate and incorporate by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth in Count I.

17. Pursuant to its Collective Bargaining Agreements, Defendant agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

18. Defendant employed certain employees covered by the Collective Bargaining Agreements but failed to report or pay the amounts when due to the Benefit Fund Plaintiffs for work performed in the months of July 2024 through present, as required by the Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

19. The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

20. The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

21. The Benefit Fund Plaintiffs will also seek judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs that become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (WORKING ASSESSMENTS/DUES/OTHER PAYMENTS)

22. Plaintiffs Steamfitters Local Union No. 602, the Communications and Productivity Fund, and the Industry Promotion Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 21 as if fully set forth in this Count II.

23. Defendant employed certain employees covered by the Collective Bargaining Agreements who authorized working assessment/dues deductions. The Defendant failed to forward working assessments/dues on behalf of employees to Plaintiff Steamfitters Local Union No. 602 for the months of July 2024 through present.

24. Pursuant to its Collective Bargaining Agreements, Defendant agreed to pay to the Communications and Productivity Fund and Industry Promotion Fund certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

25. Defendant employed certain employees covered by the Collective Bargaining Agreements but failed to report and pay the amounts when due to the Communications and Productivity Fund and Industry Promotion Fund for the months of July 2024 through present, as required by the Collective Bargaining Agreements.

26. Plaintiffs Steamfitters Local Union No. 602, the Communications and Productivity Fund, and the Industry Promotion Fund will also seek judgment in this action against the Defendant for all amounts that become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE**, the Plaintiffs pray judgment in Counts I and II as follows:

A. That the Court finds the Defendant Magothy Mechanical liable in the amount of contributions, interest, liquidated damages, and other amounts owed under the Collective Bargaining Agreements and trust agreements to the Plaintiffs as of the date of judgment.

B. For reasonable attorneys' fees and costs.

C. For such contributions, interest, liquidated damages, reasonable attorneys' fees, costs, and other amounts that may accrue and/or are found to be due and owing to the Plaintiffs after July 2024, subsequent to the filing of this Complaint, during the pendency of this action, and up through the date of judgment.

D. For such further relief as the Court may deem appropriate.

Respectfully submitted,

Dated: January 15, 2025     By:    /s/                                   .
　　　　　　　　　　　　　　　　　Andrew Costa-Kelser (Bar No. 19138)
　　　　　　　　　　　　　　　　　Jacqueline C. Canzoneri (Bar No. 22080)
　　　　　　　　　　　　　　　　　O'DONOGHUE & O'DONOGHUE LLP
　　　　　　　　　　　　　　　　　5301 Wisconsin Ave., N.W., Eighth Floor
　　　　　　　　　　　　　　　　　Washington, D.C.  20015
　　　　　　　　　　　　　　　　　akelser@odonoghuelaw.com
　　　　　　　　　　　　　　　　　jcanzoneri@odonoghuelaw.com
　　　　　　　　　　　　　　　　　Telephone No.: (202) 362-0041
　　　　　　　　　　　　　　　　　Facsimile No.:  (202) 362-2640

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*